# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOHN C. SKINNER, Register No. 1069523, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-4051-CV-C-SOW |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## REPORT, RECOMMENDATION AND ORDER

      Plaintiff John C. Skinner, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as sole defendant is the State of Missouri.

      Plaintiff, a convicted felon incarcerated in the State of Missouri, complains that he is denied his right to vote, as protected in the Fifteenth Amendment to the United States Constitution.

      Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's reference to "servitude" in the Fifteenth Amendment relates to slavery, not incarceration for criminals. Numerous cases have decided it is permissible for states to deny voting rights to felons. See, e.g., Richardson v. Ramirez, 418 U.S. 24 (1974); State ex rel. Barrett v. Sartorious, 175 S.W.2d 787 (Mo. 1943).

Plaintiff's complaint should be dismissed because he has failed to state a claim, pursuant to 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $350.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $350.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 19th day of March, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3